IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TAMLYN HUNT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al*.,<br><br>Defendants. | Case No. 25-cv-00035-DKW-KJM<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO AND (2) ADOPTING THE FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**[1] |

On August 20, 2026, the assigned U.S. Magistrate Judge recommended denying Plaintiff Tamlyn Hunt's motion for attorney's fees on two grounds (F&R): (1) Hunt, though apparently an attorney, proceeded *pro se* in this action and, thus, could not recover attorney's fees, and (2) Hunt was not a prevailing party in this lawsuit, as required by statute. Dkt. No. 96. Hunt objects to this recommendation, arguing that (1) he is entitled to attorney's fees under "Hawaii's private attorney general doctrine," and (2) he purportedly prevailed on the "disputed main issue[]" in this case. Dkt. No. 97.

[1]Pursuant to Local Rule 7.1(c) & (d), the Court elects to decide this matter without a hearing.

Because Hunt has clearly not prevailed in this case, his objections are OVERRULED, and the Court adopts the F&R.[2]

Despite Hunt's efforts to conjure success from the discussions of a "stakeholder meeting",[3] the record is clear that he did not prevail in this case. Instead, Judgment was entered in favor of Defendants after both this Court and the Ninth Circuit determined that Hunt lacked standing to pursue this action because he had not shown an injury-in-fact. Dkt. No. 88 at 2-3; Dkt. Nos. 91-92. In other words, Hunt was not even entitled to *bring* this lawsuit, let alone prevail in it. Moreover, along the way, Hunt managed not to prevail in every skirmish, with his motions and other filings being denied or stricken. *See* Dkt. Nos. 20, 26, 35, 44, 46, 59, 65, 73, 75, 80-82, 91. In no possible sense, therefore, can Hunt be considered a prevailing party.

IT IS SO ORDERED.

Dated: October 13, 2026 at Honolulu, Hawai'i.

/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

[2]The Court, thus, does not address whether Hunt, as a *pro se* litigant, is entitled to obtain attorney's fees that he never incurred.

[3]Hunt's purported success is premised upon the declaration of an individual present at the meeting who believed that "it was made clear that Plaintiff's lawsuit was the catalyst for DLNR's suggested scope change to remove the filling of thermal ponds…." Dkt. No. 97 at 13. While details on who or how it was "made clear" are noticeably missing from the declaration, the Court finds it irrelevant to gauging whether Hunt is a prevailing party.